# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTH ANNVILLE TOWNSHIP, | : |
| LEBANON COUNTY AUTHORITY, | : |
| | : |
|     Plaintiffs | : |
| | : No. 1:13-cv-01780 |
| v. | : |
| | : (Judge Kane) |
| JAROMIR KOVARIK, et al., | : |
| | : |
|     Defendants | : |

## MEMORANDUM ORDER

Before the Court is Defendants' motion for a sixty-day extension to reply to Plaintiffs' motion to remand the above-captioned action to the Lebanon County Court of Common Pleas. (Doc. No. 13.) For the reasons that follow, the Court will order Defendants to submit additional briefing.

## I. BACKGROUND

On June 14, 2013, Plaintiffs South Anville Township and the Lebanon County Authority filed a municipal lien against Defendants Jaromir and Daria Kovarik in the Lebanon County Court of Common Pleas for their failure to pay sewer tapping and sewer rental fees in the amount of $8,014.90. (Doc. No. 1-1.) Two weeks later, Defendants removed the case to this Court on the grounds that they intended to raise a federal defense to the municipal lien; namely, that Plaintiffs filed the lien to retaliate against Defendants for exercising their First Amendment rights. (Doc. No. 1.) Plaintiffs then filed a motion to remand the action back to state court, arguing that federal defenses or counterclaims based on federal law are not sufficient grounds for removal. (Doc. No. 5.) Defendants responded by filing a motion for an extension of time to respond to Plaintiffs' motion to remand. (Doc. No. 7.) The Court granted Defendants' motion,

and set August 19, 2013, as the date by which Defendants must file their brief in opposition to Plaintiffs' motion to remand. (Doc. No. 12.)

On August 19, 2013, Defendants moved the Court for another extension to respond to Plaintiffs' motion to remand, asking that the Court grant them an additional sixty days to respond on the grounds that Defendants first needed to obtain certain documents they had requested pursuant to Pennsylvania's Right to Know Law, 65 P.S. §§ 67.101-67.3104. (Doc. No. 13.) Defendants argued that the requested documents will support their contention that the Court has subject-matter jurisdiction over Plaintiffs' complaint. (Doc. No. 15 at 2.) Plaintiffs filed a reply on August 30, 2013, in which they asserted that the materials Defendants sought through their right to know request were irrelevant to the question of subject matter jurisdiction. (Doc. No. 16 at 2.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b) provides that when an act is required to be completed within a specified period of time, "the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed.R.Civ.P.6(b)(1). As a general matter, district courts are afforded "great deference with regards to matters of case management." Drippe v. Tobelinksi, 604 F.3d 778, 783 (3d Cir. 2010). Thus, the district court is entitled to "great leeway in granting or refusing enlargements and its decisions are reviewable only for abuse of that discretion." Id. (citation and quotation marks omitted).

## III. DISCUSSION

Defendants urge the Court to grant them an extension of time in order to obtain certain documents from the Pennsylvania Infastructure Investment Authority (Pennvest). (Doc. No. 15 at 3.) In their brief, Defendants explain that Pennvest failed to timely supply the requested

documents, and therefore Defendants cannot yet prepare their brief in opposition to Plaintiffs' motion to remand. (Doc. No. 15 at 3.) Defendants do not describe the expected content of these documents, nor do Defendants make clear exactly how the requested documents would support their belief that this case belongs in federal court. Defendants also filed an affidavit, in which Defendants assert that because Plaintiffs "used a project mandated by the Federal Water Pollution Control Act, 33 U.S.C. § 1381, et seq., to record the lien against Defendants' property," and, the sewer project was funded under the Federal American Recovery and Reinvestment Act, Defendants are entitled to discovery on whether this case belongs in federal court. (Doc. No. 17 ¶¶ 3-4.) Plaintiffs, in response, argue that Defendants' motion for an extension should be denied because the materials that Defendants seek are "irrelevant" to the question of jurisdiction. (Doc. No. 16 at 2.)

When "issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978)). The United States Court of Appeals for the Third Circuit has indicated that parties should be granted a fair opportunity to engage in jurisdictional discovery in order to "adequately define and submit to the court facts necessary for a thorough consideration of the issue." Fed. Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270, 1284 n.11 (3d Cir. 1993). That said, discovery and fact-finding should be limited to the "essentials necessary to determining the preliminary question of jurisdiction." Id.; see also Eurofins Pharma U.S. Holdings v. BiaAllianca Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.").

3

Moreover, the moving party must also identify how the proposed discovery might help defeat the pending motion or clarify the jurisdictional issue. See Northlight Harbor, LLC v. United States, 561 F.Supp.2d 517, 529 (D.N.J. 2008) ("Plaintiff fails to explain with any degree of specificity what additional discovery will yield or how it will help defeat the Government's motion"); Doughty v. U.S. Postal Serv., 359 F.Supp.2d 316, 365-66 (D.N.J. 2005) (finding that because "essential jurisdictional facts" were not disputed, "even limited discovery" was not warranted).

On review of Defendants' motion for additional time to conduct limited discovery on the issue of federal jurisdiction, and Plaintiffs' response thereto, the Court finds that Defendants fail to explain how the requested documents support removal of this case to federal court. Although Defendants removed the action on the basis that "federal funds are being improperly diverted," (Doc. No. 15 at 1 (citing Doc. No. 3 ¶ 6)), Defendants do not adequately explain in their motion for additional time nor in their affidavit how the documents they requested from Pennvest will defeat Plaintiffs' motion to remand. Nor do Defendants provide any legal support for their contention that this case belongs in federal court. Absent some credible legal basis, the Court cannot weigh whether an extension to conduct jurisdictional discovery is warranted in this case.

**ACCORDINGLY,** on this 19th day of September 2013, **IT IS HEREBY ORDERED THAT** Defendants **SHALL** submit briefing identifying the documents requested from Pennvest and their relevance to the issue of subject matter jurisdiction, in accordance with the standard identified in this memorandum, within ten days of this order.

**IT IS FURTHER ORDERED THAT** Defendants' deadline of August 19, 2013 to respond to Plaintiffs' motion to remand (Doc. No. 5) is **STAYED** pending further order of the Court.

<pre>
                                        s/ Yvette Kane
                                        Yvette Kane, Judge
                                        United States District Court
                                        Middle District of Pennsylvania
</pre>