IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SOUTH ANNVILLE TOWNSHIP, :
LEBANON COUNTY AUTHORITY : No. 1:13-cv-01780
      Plaintiffs, :
 : (Judge Kane)
v. :
 :
JAROMIR KOVARIK and :
DARIA KOVARIK, :
      Defendants :

**MEMORANDUM**

Before the Court is Defendants Jaromir and Daria Kovarik's motion for a sixty-day extension to reply to Plaintiffs' motion to remand the above-captioned action to the Lebanon County Court of Common Pleas (Doc. Nos. 5, 13), as well as Plaintiffs' motion (Doc. No. 21) to strike Defendants' supplemental affidavit in support of the motion for an extension of time. For the reasons that follow, the Court will deny both Defendants' motion for an extension of time, and Plaintiffs' motion to strike Defendants' supplemental affidavit.

**I.**     **BACKGROUND**

On June 14, 2013, Plaintiffs South Annville Township and the Lebanon County Authority filed a municipal lien against Defendants Jaromir and Daria Kovarik in the Lebanon County Court of Common Pleas alleging that Defendants failed to pay sewer tapping and sewer rental fees in the amount of $8,014.90. (Doc. No. 1-1.) Two weeks later, Defendants removed the case to this Court on the grounds that they intended to raise a federal defense to the municipal lien; namely, that Plaintiffs filed the lien to retaliate against Defendants for exercising their First Amendment rights. (Doc. No. 1.) Plaintiffs then filed a motion to remand the action

1

back to state court, arguing that federal defenses or counterclaims based on federal law are insufficient grounds for removal. (Doc. No. 5.) Defendants responded by filing a motion for an extension of time to respond to Plaintiffs' motion to remand. (Doc. No. 7.) The Court granted Defendants' motion, and set August 19, 2013, as the deadline for Defendants to file their brief in opposition to Plaintiffs' motion to remand. (Doc. No. 12.)

On August 19, 2013, Defendants moved the Court for another extension to respond to Plaintiffs' motion to remand, asking that the Court grant them an additional sixty days to respond on the grounds that Defendants first needed to obtain certain documents they had requested pursuant to Pennsylvania's Right to Know Law, 65 P.S. §§ 67.101-67.3104. (Doc. No. 13.) Defendants argued that the requested documents would support their contention that the Court has subject matter jurisdiction over Plaintiffs' complaint. (Doc. No. 15 at 2.) Plaintiffs filed a reply on August 30, 2013, in which they asserted that the materials Defendants sought through their right to know request were irrelevant to the question of subject matter jurisdiction. (Doc. No. 16 at 2.)

On September 20, 2013, the Court ordered Defendants to provide supplemental briefing identifying the documents requested from Pennsylvania Infrastructure Investment Authority (Pennvest) and their relevance to the issue of subject matter jurisdiction. (Doc. No. 18.) Defendants then filed a supplemental brief, which provided clarification as to how they believed the requested Pennvest documents would show the existence of a federal question. (Doc. No. 19.) On November 26, 2013, Defendants filed an affidavit stating that Pennvest had provided them with 600 pages of documents in response to their "right to know request," which Defendants describe as "irrelevant." (Doc. No. 20 at 3.) Defendants further assert that

"Pennvest is unable or unwilling to provide meaningful information to Defendants," and claim that consequently, "the owners or creators of the relevant records must be deposed" in order for Defendants to obtain the information that would support their subject matter jurisdiction argument. (Id. at 3.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 6(b) provides that when an act is required to be completed within a specified period of time, "the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R. Civ. P.6(b)(1). As a general matter, district courts are afforded "great deference with regards to matters of case management." Drippe v. Tobelinksi, 604 F.3d 778, 783 (3d Cir. 2010). Thus, the district court is entitled to "great leeway in granting or refusing enlargements and its decisions are reviewable only for abuse of that discretion." Id. (citation and quotation marks omitted).

## III. DISCUSSION

### A. Defendants' motion for an extension of time to conduct jurisdictional discovery

In their supplemental brief, Defendants assert that this action may be removed to federal court on three grounds: "(1) the lien proceeding is manifestly irregular and the constitutional infirmity of it, as applied, is apparent; (2) the project was made necessary in the first place by the Clean Water Act, 33 U.S.C. § 1381, and (3) the use of federal funding in constructing the sewer affords the federal government a stake in the system . . . ." (Doc. No. 19 at 9.) Defendants' affidavit of November 26, 2013, does not set forth additional arguments as to why Defendants believe the Pennvest documents will show that the Court may exercise jurisdiction over the matter. (See Doc. No. 20). Instead, Defendants suggest that in releasing 600 pages of

documents, Pennvest is purposely obstructing Defendants from obtaining the information they believe would establish subject matter jurisdiction. (See Doc. No. 20.) Defendants argue that because the documents Pennvest has thus far released are irrelevant to the question of subject matter jurisdiction, they continue to require a "reasonable time" for discovery under Pennsylvania's Right-to-Know Law in order to ascertain whether federal funding for the sewer project under the American Reinvestment and Recovery Act of 2009 ("ARRA") "'occupies the field' and thus creates a substantial question of federal law," and "whether Plaintiffs complied with the ARRA" in their actions relating to the sewer system. (Doc. No. 19 at 8, 10.) (See also Doc. No. 20.)

When "issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978)). The United States Court of Appeals for the Third Circuit has indicated that parties should be granted a fair opportunity to engage in jurisdictional discovery in order to "adequately define and submit to the court facts necessary for a thorough consideration of the issue." Fed. Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270, 1284 n.11 (3d Cir. 1993). However, discovery and fact-finding should be limited to the "essentials necessary to determining the preliminary question of jurisdiction." Id.; see also Eurofins Pharma U.S. Holdings v. BiaAllianca Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010) ("A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery.").

The Court finds that an extension of time for Defendants to conduct limited jurisdictional discovery on the issues presented in their opposition to Plaintiff's motion to remand is not

4

warranted. Defendants' first argument, that the lien suffers from "constitutional infirmity," merely raises a constitutional defense, which is insufficient to confer federal subject matter jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). It is well-established that a federal defense does not confer subject matter jurisdiction, and Defendants' supplemental brief does not provide any explanation as to how additional discovery in the form of Pennvest documents or "depositions of the individuals knowledgeable of the relevant records" could change the Court's analysis on this matter. See id.; (Doc. No. 20 at 5.) Accordingly, the Court rejects Defendants' "constitutional infirmity" argument.

Second, Defendants fail to articulate how the Clean Water Act confers federal jurisdiction over a state law claim based on a municipal lien, or how acquiring Pennvest documents or deposing record-keepers would establish federal subject matter jurisdiction. (See Doc. No. 19 at 12.) Defendants' conclusory statement that "the project was made necessary in the first place because of the Clean Water Act," is insufficient to show that a federal question exists. (Id.) In order to show that a state law claim such as Plaintiffs' municipal lien contains a federal question, Defendants must show "the vindication of a right under state law necessarily turn[s] on some construction of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9 (1983). Defendants do not set forth any arguments to establish that resolution of Plaintiffs' municipal lien against Defendants somehow turns on a construction of the Clean Water Act, nor do they articulate how jurisdictional discovery would reveal the existence of a federal question through the Clean Water Act. Accordingly, Defendants' "Clean Water Act" argument fails.

Finally, Defendants' federal preemption argument that limited jurisdictional discovery

5

may reveal that federal ARRA funds used in the sewer project attached federal regulations that created federal preemption in the matter is extremely speculative. (See Doc. No. 19 at 9-10.) Defendants rely on Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing for the proposition that ARRA may "occupy the field,"[1] and therefore create federal jurisdiction over Plaintiffs' municipal lien action. (Id. at 13); 545 U.S. 308, 312 (2005). Defendants further argue that jurisdictional discovery will allow them to obtain documents from Pennvest that detail any conditions attached to the project by the use of federal ARRA funds, and that such conditions may indicate that ARRA "occupies the field" of municipal sewer regulations. (Doc. No. 19 at 13-14.) Although Defendants' affidavit indicates that they have received approximately 600 pages of documentation from Pennvest, Defendants do not believe these documents are useful in supporting their contention that federal jurisdiction is warranted on the grounds that ARRA occupies the field. (Doc. No. 20 at 5.) Defendants assert that deposing "individuals knowledgeable of the relevant records" through jurisdictional discovery will allow them to ascertain the information they seek, presumably to support their contention that ARRA may "occupy the field" in this matter, thereby giving rise to federal subject matter jurisdiction. (Id.)

Federal preemption occurs "when Congress intends federal law to 'occupy the field.'" Crosby v. Nat'l Foreign Trade Council, 530 U.S. 363, 372 (2000). Congressional intent to create federal preemption "can be inferred from a framework of regulation 'so pervasive . . . that

---

[1] It is unclear from Defendants' supplemental brief precisely what "field" they suggest ARRA may fully occupy. Presumably, Defendants are referring to the "field" of municipal sewer regulations, which is the basis for Plaintiffs' original state law claim. (See Doc. No. 19 at 7.)

Congress left no room for the States to supplement it' or where there is a 'federal interest . . . so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" Arizona v. United States, 132 S.Ct. 2492, 2500-2501 (2012) (citations omitted). In determining whether federal preemption exists, a Court looks to "the federal statute itself, read in the light of its constitutional setting and its legislative history." DeCanas v. Bica, 424 U.S. 351, 360 n.8 (1976) (citations omitted) (superseded by statute on other grounds).

Defendants have offered no basis for the Court to conclude that jurisdictional discovery is necessary to determine whether Congress intended ARRA to federally preempt state law municipal sewer regulations. Instead, Defendants state that, "ARRA itself, which is a massive appropriations bill, sheds little light on the matter in a reasonably accessible form." (Doc. No. 19 at 12.) Although the Court need not decide whether or not ARRA "occupies the field," the fact that Defendants believe that ARRA "sheds little light" on whether Congress intended it to federally preempt municipal sewer regulations indicates that Congress likely did not intend such federal preemption. Federal preemption exists only when a court can infer that "Congress left no room for the States to supplement it." Arizona, 132 S.Ct. at 2501. Defendants have not set forth any plausible arguments to establish that obtaining copies of the documents they seek from Pennvest or deposing "knowledgeable individuals" will enable them to show that Congress intended for ARRA to create federal preemption over municipal sewer liens. Accordingly, Defendants fail to establish that jurisdictional discovery is warranted on the grounds that ARRA occupies the field.

Further, Defendants' suggestion that a federal question exists if jurisdictional discovery shows that Plaintiffs failed to comply with ARRA regulations is incorrect. Assuming, arguendo,

7

that Plaintiffs somehow violated ARRA, Defendants would be using this fact merely as a federal defense, which is insufficient to confer federal subject matter jurisdiction.  (See Doc. No. 19 at 11); Franchise Tax Bd. v. Constr.Laborers Vacation Trust, 463 U.S. 1, 9 (1983).

Defendants' arguments in favor of jurisdictional discovery resemble the so-called "fishing expedition" that federal courts are to avoid.  Eurofins Pharma U.S. Holdings v. BiaAllianca Pharma SA, 623 F.3d 147, 157 (3d Cir. 2010).  Further, Defendants' affidavit of November 26, 2013, does not remedy any of the deficiencies the Court has identified in Defendants' arguments in support of limited jurisdictional discovery.  (See Doc. No. 20.) Defendants have failed to establish that jurisdictional discovery will show that a federal question exists.  Accordingly, Defendants motion for a sixty-day extension of time in order to conduct jurisdictional discovery (Doc. No. 13) before responding to Plaintiff's motion to remand (Doc. No. 5) will be denied.

### B.     Plaintiffs' motion to strike Defendants' affidavit in support of their motion for extension of time

On December 10, 2013, Plaintiffs moved to strike Defendants' supplemental affidavit (Doc. No. 20) under Federal Rule of Civil Procedure 12(f) as an unauthorized, immaterial, and impertinent pleading.  (Doc. No. 23 at 4.)  Plaintiffs argue that "Defendants' pursuit of Pennvest documents have no possible relation to the question at hand (i.e., whether or not federal jurisdiction is appropriate)," and accordingly Defendants' affidavit should be stricken from the record.  (Id.)  In the alternative, Plaintiffs request that if the Court does not strike Defendants' supplemental affidavit from the record, then the Court should also accept Plaintiffs' supplemental affidavit issued by Pennvest.  (Id. at 6; Doc. No. 24.)  Defendants oppose Plaintiffs' motion to strike their supplemental affidavit.  (Doc. No. 25.)

The Court will not strike Plaintiffs' supplemental affidavit from the record on the basis of Federal Rule of Civil Procedure 12(f). Rule 12(f) "applies to pleadings, and motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." Walthour v. Tennis, No. 06-0086, 2008 WL 318386, at *8 (M.D. Pa. Feb. 4, 2008) (internal citations omitted). Courts have routinely denied parties' motions to strike statements other than those contained in pleadings under Rule 12(f). See id.; United States v. Viola, No. 02-9014, 2003 WL 21545108, at * 3 (E.D. Pa. July 7, 2003). Accordingly, Plaintiffs' motion to strike Defendants' supplemental affidavit on the grounds of Rule 12(f) will be denied, and Plaintiffs' supplemental affidavit (Doc. No. 24) in response to Defendants' affidavit is also accepted into the record. An order consistent with this memorandum follows.