# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTH ANNVILLE TOWNSHIP, : | |
| LEBANON COUNTY AUTHORITY : | No. 1:13-cv-01780 |
|     Plaintiffs : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| JAROMIR KOVARIK and : | |
| DARIA KOVARIK, : | |
|     Defendants : | |

## MEMORANDUM

Plaintiffs, South Annville Township and the Lebanon County Authority, move the Court to remand the above-captioned action to the Court of Common Pleas of Lebanon County, Pennsylvania, and to award them costs, expenses, and attorneys' fees incurred in responding to Defendants' notice of removal. (Doc. No. 5.) Defendants originally concurred in Plaintiffs' motion insofar as it sought remand, but opposed the motion insofar as it sought costs, expenses, and attorneys' fees. (See Doc. No. 28 at 2.) However, Defendants now seek to withdraw their stipulation to Plaintiffs' motion to remand, because they believe new evidence indicates that federal subject matter jurisdiction exists over this action. (Doc. No. 29 at 3-4.) For the reasons that follow, the Court will deny Defendants' motion to withdraw their stipulation, and will order supplemental briefing on the issue of costs, expenses, and attorneys' fees.

I.  BACKGROUND

The Court has fully detailed the history of this action in its previous memoranda. (See Doc. Nos. 18, 26.) Most recently, the Court denied Defendants' motion for an extension of time for jurisdictional discovery in order to respond to Plaintiffs' motion to remand, and ordered Defendants to file any response to the remand motion within fourteen days of the Court's

January 16, 2014 order.  (Doc. No. 27.)  That same day, Defendants filed a response indicating that they "stipulate to Remand to the State Court as requested by the Plaintiff," but "respectfully ask for leave to remove to this Court should discovery in the state court confirm that federal jurisdiction is proper."  (Doc. No. 28 at 2.)  On February 10, 2014, Defendants filed a motion to withdraw their stipulation.  (Doc. No. 29.)

## II.     DISCUSSION

### A.     Defendants' motion to withdraw their stipulation and oppose remand

Defendants assert that although they initially stipulated to Plaintiffs' motion to remand (see Doc. No. 28), their discovery of new evidence warrants withdrawal of that stipulation. (Doc. No. 29 at 3.)  Specifically, Defendants contend that they have discovered Pennvest is a delegate of the United States government pursuant to the American Recovery and Reinvestment Act of 2009 ("ARRA"), and that Pennvest has "essentially embezzl[ed] federal government money by distributing it to the Sewer Authority in violation of ARRA."  (Id. at 4.)  Defendants thus request that the Court deny Plaintiffs' motion to remand, or alternatively, that the Court reconsider its order denying jurisdictional discovery.  (Id. at 6.)

The Court finds that there is no basis to grant either of Defendants' requests.  First, the Court's order denying Defendants' motion for an extension of time specifically required Defendants to file any responses to Plaintiffs' motion to remand within fourteen days of the date of the order.  (Doc. No. 27 at 1.)  Because the Court's order was dated January 16, 2014, the last date for Defendants to file a timely response to Plaintiffs' motion to remand was January 30, 2014.  (See id.)  Defendants' initial response to the Court's order, which concurred in Plaintiffs' motion to remand, was timely filed within the fourteen day period.  (See Doc. No. 28.)

However, Defendants' motion to withdraw stipulation and oppose remand was not filed until February 10, 2014, and was thus untimely. (<u>See</u> Doc. Nos. 27, 29.) Accordingly, the Court may deny Defendants' motion to withdraw its stipulation to remand due to its untimeliness. However, although the Court could end its inquiry here, for clarification purposes it will proceed to the merits of Defendants' requests.

Defendants' proposition that new evidence indicates that federal subject matter jurisdiction exists largely repeats arguments the Court rejected when denying Defendants' motion for an extension of time to conduct jurisdictional discovery. (<u>See</u> Doc. No. 19 at 13-14; Doc. No. 29 at 6.) In their current motion, Defendants argue that "whether the lien is valid will turn on construction of federal law, <u>to wit</u>, whether the federal government can put a lien on a person's property through state or municipal government to satisfy debt obligations of the municipal authority generated through improperly obtained ARRA funds." (Doc. No. 29 at 6.) This argument is very similar to Defendants' prior assertion that "[w]ith the acceptance of ARRA funding, Plaintiff accepted federal oversight to the extent that the federal government chose to impose oversight . . . ." (Doc. No. 19 at 13-14.) Both arguments rely on the conclusion that receipt of ARRA funds somehow implicated the federal government in the municipal lien placed on Defendants' property.

The Court rejected the latter argument and found that Defendants' insistence that federal subject matter jurisdiction existed because Plaintiffs violated ARRA was mistaken because "Defendants would be using this fact merely as a federal defense, which is insufficient to confer federal subject matter jurisdiction." (Doc. No. 26 at 7-8.) The same principle applies here. Defendants again suggest that federal jurisdiction exists because Plaintiffs allegedly misused

ARRA funds, which still does no more than assert a federal defense. (Doc. No. 29 at 6.) Thus, the Court finds that Defendants' purported "new evidence" does not establish federal subject matter jurisdiction.

Further, Defendants' assertion that the federal government is responsible for placing the municipal lien on their property is incorrect. (See Doc. No. 29 at 6.) "[W]hen a party receiving federal funds brings a state law claim against a private party, the presence of federal funds [does not] somehow invoke[] a public policy that creates federal jurisdiction over the dispute." Univ. Tech. Park, Inc. v. Stinson, No. 02-3214, 2002 WL 1338080, at *2 (E.D. Pa. June 13, 2002). Thus, simply because Defendants contend that the Sewer Authority received funds from Pennvest, who in turn received funds from ARRA, does not mean that the federal government placed the lien on Defendants' property. See id. Defendants have not established the existence of federal subject matter jurisdiction. Accordingly, the Court will deny Defendants' motion to withdraw their stipulation and to oppose Plaintiffs' motion to remand. Further, the Court will issue an order remanding the case back to the Court of Common Pleas of Lebanon County, Pennsylvania, after the parties have submitted briefing on the issue of costs, expenses, and attorneys' fees.

### B.   Costs, expenses, and attorneys' fees

The Court has broad discretion in determining whether to award costs, expenses, and attorneys' fees in a remand order. 28 U.S.C. § 1447(c); Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). Although Plaintiffs move for an award of costs, expenses, and attorneys' fees, they have not supplied precise information regarding the costs, expenses, and fees they seek. Therefore, the Court cannot determine whether granting Plaintiffs' motion for

costs, expenses, and attorneys' fees is warranted. Accordingly, the Court will order supplemental briefing on the issue of Plaintiffs' motion for costs, expenses, and attorneys' fees.

**III.    Conclusion**

The Court finds that Defendants have not established the existence of federal subject matter jurisdiction. Further, the Court finds that additional jurisdictional discovery would not establish federal jurisdiction. Accordingly, the Court will deny Defendants' motion to withdraw their stipulation or alternatively, to reconsider the issue of jurisdictional discovery. The Court will thus remand the matter to the Court of Common Pleas of Lebanon County, Pennsylvania, after the parties have submitted briefing on the issue of costs, expenses, and attorneys' fees, and the Court has ruled on the issue. An order consistent with this memorandum follows.