IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTH ANNVILLE TOWNSHIP, : | |
| LEBANON COUNTY AUTHORITY : | No. 1:13-cv-01780 |
|     Plaintiff : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| JAROMIR KOVARIK and : | |
| DARIA KOVARIK, : | |
|     Defendants : | |

## MEMORANDUM

Before the Court is Plaintiff South Annville Township, Lebanon County Authority's motion to remand its complaint to the Lebanon County Court of Common Pleas and for an award of costs, expenses, and attorneys' fees incurred in responding to the notice of removal (Doc. No. 5). For the reasons that follow, the Court will grant Plaintiff's motion to remand, and defer entering an award of attorneys' fees pending Plaintiff's resubmission of its proposed bill of costs.

**I. BACKGROUND**

On June 14, 2013, Plaintiff South Annville Township, Lebanon County Authority filed a municipal lien against Defendants Jaromir and Daria Kovarik in the Lebanon County Court of Common Pleas, alleging that Defendants failed to pay sewer tapping and sewer rental fees in the amount of $8,014.90. (Doc. No. 1-1.) Two weeks later, Defendants removed the case to this Court on the grounds that they intended to raise a federal defense to the municipal lien; namely, that Plaintiff filed the lien to retaliate against Defendants for exercising their First Amendment rights. (Doc. No. 1.) Plaintiff then filed a motion to remand the action back to state court, arguing that federal defenses or counterclaims based on federal law are insufficient grounds for

removal.  (Doc. No. 5.)  Defendants responded by filing a motion for an extension of time to respond to Plaintiff's motion to remand.  (Doc. No. 7.)  The Court granted Defendants' motion, and set August 19, 2013, as the deadline for Defendants to file a brief in opposition to Plaintiff's motion to remand.  (Doc. No. 12.)

On August 19, 2013, Defendants moved the Court for another extension to respond to Plaintiff's motion to remand, asking that the Court grant them an additional sixty days to respond on the grounds that Defendants first needed to obtain certain documents they had requested pursuant to Pennsylvania's Right to Know Law, 65 P.S. §§ 67.101-67.3104.  (Doc. No. 13.)  Defendants argued that the requested documents would support their contention that the Court has subject matter jurisdiction over Plaintiff's complaint.  (Doc. No. 15 at 2.)  Plaintiff filed a reply on August 30, 2013, in which it asserted that the materials Defendants sought through their right to know request were irrelevant to the question of subject matter jurisdiction.  (Doc. No. 16 at 2.)

On September 20, 2013, the Court ordered Defendants to provide supplemental briefing identifying the documents requested from Pennsylvania Infrastructure Investment Authority ("Pennvest") and their relevance to the issue of subject matter jurisdiction.  (Doc. No. 18.)  Defendants then filed a supplemental brief, which clarified in part their belief that the requested Pennvest documents would show the existence of a federal question.  (Doc. No. 19.)  On November 26, 2013, Defendants filed an affidavit stating that Pennvest had provided them with 600 pages of documents in response to their "right to know request," which Defendants described as "irrelevant."  (Doc. No. 20 at 3.)  Defendants further asserted that "Pennvest is unable or unwilling to provide meaningful information to Defendants," and claimed that

consequently, "the owners or creators of the relevant records must be deposed" in order for Defendants to obtain the information that would support their subject matter jurisdiction argument.  (Id. at 3.)  On January 16, 2014, the Court denied Defendants' second motion for an extension of time, and required Defendants to file any reply to Plaintiff's motion to remand within fourteen days.  (Doc. No. 27.)  That same day, Defendants filed a response indicating that they "stipulate to Remand to the State Court as requested by the Plaintiff," but "respectfully ask for leave to remove to this Court should discovery in the state court confirm that federal jurisdiction is proper."  (Doc. No. 28 at 2.)  On February 10, 2014, Defendants filed a motion to withdraw their stipulation, or alternatively to reconsider jurisdictional discovery.  (Doc. No. 29.)

The Court denied Defendants motion to withdraw stipulation to Plaintiff's motion to remand, or alternatively to reconsider jurisdictional discovery, and ordered supplemental briefing on the issue of attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) on April 24, 2014.  (Doc. No. 32.)  Consequently, Defendants' prior stipulation to Plaintiff's motion to remand (Doc. No. 28) remains in place, and Plaintiff's motion for remand (Doc. No. 5) is unopposed.  The Court will grant Plaintiff's motion for remand, and determine whether an award of attorneys' fees is proper.  Plaintiff filed a memorandum in support of its motion for costs, expenses, and attorneys' fees on May 7, 2014 (Doc. No. 33), and Defendants filed a response in opposition on May 21, 2014 (Doc. No. 34).

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where

such action is pending." 28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.(c).

When a court grants a motion to remand, the "order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Courts possess "broad discretion in determining whether to award costs, expenses, and attorneys' fees" following a motion to remand.  Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  Generally, attorneys' fees are not awarded "when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).  However, even when the removing party is not acting in bad faith, if the grounds set forth for removal are "frivolous" or "insubstantial," a court may award fees.  See Siebert v. Norwest Bank Mn., 166 F. App'x 603, 607 (3d Cir. 2006).

### III. DISCUSSION

#### A. Remand

As an initial matter, the Court will grant Plaintiff's unopposed motion to remand the action to the Lebanon County Court of Common Pleas.  (Doc. No. 5.)  Additionally, the Court notes that even were Plaintiff's motion to remand not unopposed, the underlying action – a municipal lien filed by Plaintiff against Defendants in the Lebanon County Court of Common Pleas – fails to raise a federal question as Defendants proposed in their notice of removal.  (See Doc. No. 1.)  Thus, per Section 1441, the Court lacks subject matter jurisdiction over the matter and remand is proper.  See 28 U.S.C. § 1441.

#### B. Attorneys' fees

Plaintiff argues that it should be awarded attorneys' fees pursuant to Section 1447

because Defendants' attempt at removal caused "excessive waste of time and resources," by "delay[ing] resolution of the case, impos[ing] additional costs on both parties, and wast[ing] judicial resources . . . ." (Doc. No. 33 at 6.)  Section 1447 provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Plaintiff specifically argues that Defendants' actions from July 2013 through April 2014, wherein Defendants filed a notice of removal (Doc. No. 1), two motions for an extension of time in response to the Court's request that they clarify the precise federal question allegedly raised by Plaintiff's action (Doc. Nos. 7, 13), a stipulation to Plaintiff's motion to remand (Doc. No. 28), and a subsequent motion to withdraw stipulation and once again oppose Plaintiff's motion to remand (Doc. No. 29), "amounted to unyielding and dilatory tactics based on imagined controversy pertaining to the expenditure of funds by a local government entity, not the federal government." (Doc. No. 33 at 7-8.)

      Plaintiff further contends that Defendants set forth "confusing issues or positions" to justify their notice of removal, and when asked by the Court to specifically detail how documents in Pennvest's possession showed the existence of a federal question as they had asserted, "Defendants ignored this Court's explicit directive" and "[f]or months" repeatedly "failed to identify the documents requested from Pennvest . . . [and] also failed to describe the relevance of the requested documents' [sic] to the issue of subject matter jurisdiction." (Id. at 8-9.)  Thus, Plaintiff asserts that as a result of Defendants' conduct, it has incurred $17,159.20 in attorneys' fees and $306.76 in costs related to "standard copying, transmittal, media and research-related expenses," for a total expense of $17,465.96.  (Doc. No. 33 at 9 n.2.)  In support

of this figure, Plaintiff attaches a partially-redacted itemized bill, which includes a brief description of the services rendered on each particular date, the billing rate per hour, number of hours spent per entry, and the total amount billed per entry. (See Doc. No. 33-2.)

Defendants argue that the Court should refrain from awarding attorneys' fees and costs to Plaintiff because they had an "'objectively reasonable' basis for invoking federal jurisdiction." (Doc. No. 34 at 3). See also Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). Defendants contend that because the United States Supreme Court allowed a state law title dispute to be removed to federal court in Grable & Sons Metal Products, Incorporated v. Darue Engineering and Manufacturing, 545 U.S. 308 (2005), their attempt to remove the municipal lien Plaintiff filed against them was objectively reasonable, albeit ultimately unsuccessful. (Doc. No. 34 at 4-5.)

The Court finds Defendants did not have an "objectively reasonable" basis for removing the municipal lien filed against them to the Court. First, Defendants' reliance on Grable is misplaced, because the issues of fact and law present in Grable are too attenuated from those present in the above-captioned action to provide Defendants with an "objectively reasonable" basis for removal. In Grable, the United States Supreme Court held that when a state law quiet title action revolved around an interpretation of federal tax law,[1] "the national interest in providing a federal forum for federal tax litigation" was "sufficiently substantial to support the exercise of federal-question jurisdiction . . . ." Grable, 545 U.S. at 310. It is disingenuous to suggest, as Defendants do here, that the Grable Court "held that an otherwise unremarkable title dispute could be removed to federal court, despite the general lack of any appearance of federal

---

[1] The law in question was 26 U.S.C. § 6335.

jurisdiction, because the defendant alleged that the title dispute turned on the propriety of an IRS lien and levy." (Doc. No. 34 at 4.) Although it is true that the defendant in Grable successfully removed the action to federal court, the Supreme Court held that federal jurisdiction existed because the plaintiff's state law quiet title action challenged whether the notice requirements set forth in 26 U.S.C. § 6335(a) were satisfied, not merely because the defendant asserted an issue of federal law. Id. at 310. Thus, the Grable Court held that removal was proper because plaintiff's original complaint raised a substantial question of federal law although no federal cause of action existed. See id. at 312. Grable cannot be reasonably construed as authorizing federal jurisdiction in cases of state law land title disputes such as the one Plaintiff brought against Defendants in the Lebanon County Court of Common Pleas – that is, a municipal lien action pursuant to state law that involves no interpretation of federal law on the face of the plaintiff's complaint.

Thus, Defendants' argument that Grable authorizes removal in the above-captioned action because "it is alleged by defendants" that Plaintiff is a "'successor-in-interest' to the Federal Treasury pursuant to the grant provisions of the ARRA [the American Recovery and Reinvestment Act of 2009]" is without merit. (Doc. No. 34 at 5.) Again, in Grable the issue of the proper interpretation of 26 U.S.C. § 6335 was introduced through the plaintiff's complaint. See Grable, 545 U.S. at 308. By contrast, here Plaintiff's municipal lien contains no issues of federal law. (See Doc. No. 1.) Where "[the Grable plaintiff] premised its superior title claim on the IRS's failure to give adequate notice, as defined by federal law," Defendants' attempt to invoke the ARRA and raise questions pertaining to its limiting provisions and interpretations does not connect to Plaintiff's original lien. Grable, 545 U.S. at 309. (See also Doc. No. 34 at 4-

5.) Accordingly, the Court finds that <u>Grable</u> does not support Defendants' argument that a federal question exists in the above-captioned action, and Defendants' reliance on <u>Grable</u> does not provide an "objectively reasonable" basis for their notice of removal.[2]

The Court finds Defendants have no objectively reasonable basis for filing their notice of removal. Although the Court notes that the record does not suggest Defendants proceeded in bad faith, the Court finds that Defendants' asserted grounds for removal are "insubstantial." <u>See</u> <u>Siebert</u>, 166 F. App'x at 607. Accordingly, the Court finds Plaintiff is entitled to an award of reasonable fees, costs, and expenses. <u>See</u> 28 U.S.C. § 1447(c).

    **C.**     **Calculation of attorneys' fees**

To determine a reasonable fee award, the Court first looks to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The party seeking fees must demonstrate that both the hourly rate and hours expended on the action are reasonable. <u>Maldonado v. Houstoun</u>, 256 F.3d 181, 184 (3d Cir. 2001). If the rate and hours expended are deemed reasonable, then the amount set forth by the party seeking fees, known as the "lodestar," is likewise presumed reasonable, and "the burden shifts to the party opposing the fee award to challenge the reasonableness." <u>Rode v.</u>

---

[2] Further, the Court finds that even were Defendants able to establish that ARRA pertained to the action and that Plaintiff violated its provisions by filing a municipal lien against Defendants, at best Defendants would be asserting such facts as a federal defense or counterclaim to Plaintiff's municipal lien. It is well-established that a federal defense or counterclaim cannot confer subject matter jurisdiction. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 393 (1987); <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109 (1936). The Court has made this point of law clear to Defendants repeatedly. (<u>See</u> Doc. No. 26 at 4-5; Doc. No. 31 at 3-4.) Thus, assuming <u>arguendo</u> Defendants are correct and Plaintiff violated ARRA, such violation nonetheless would not create an "objectively reasonable basis" for removing the complaint to federal court.

Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). When the lodestar is challenged, the Court must perform a "thorough and searching analysis" to reduce any hours or fees the opponent shows to be "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

      Plaintiff submits a bill showing a total cost of $17,456.96 expended on matters related to Defendants' notice of removal. (Doc. No. 33-2 at 23.) Plaintiff specifies that attorneys' fees comprise $17,159.20 of that figure, and the remaining $306.76 constitutes "costs," defined as "standard copying, transmittal, media and research-related expenses." (Doc. No. 33 at 9 n.2; Doc. No. 33-2 at 23.) Plaintiff's bill is partially redacted, but contains itemized information regarding services rendered on each particular date, billing rate per hour, number of hours spent per entry, and the total amount billed per entry. (See Doc. No. 33-2.) However, the bill does not include information regarding the names, positions, or levels of experience of persons who performed the itemized services, and in some instances, provides very little information regarding the nature of the services rendered. (See id.) Thus, as Defendants correctly assert, "the redaction deprives the court of the ability to apply the lodestar standard and defendant to evaluate the entry or even identify it properly." (Doc. No. 34 at 9.) Accordingly, the Court will request that Plaintiff resubmit the proposed bill of costs and expenses, including information such as the skill and experience of the persons who rendered each itemized professional service, as well as descriptions of the services rendered that demonstrate their relevance to the above-captioned action, in order to provide Defendants the opportunity to object to specific charges they believe to be unreasonable, and allow the Court to assess the reasonableness of the charges. Further, Plaintiff shall file an unredacted version of any portion of the submitted bill related to the above-captioned action that is currently redacted. To the extent that a redaction is in place

because the entry does not relate to this action, Plaintiff must make such information clear.

The Court recognizes that some of the redacted information may be subject to privilege. See Swidler & Berlin v. United States, 524 U.S. 399 (1998). Thus, to the extent that Plaintiff has redacted privileged items relating to this action in its current bill of costs, it may file an additional, unredacted version of the bill of costs and expenses with the Court under seal, "so that the court [can] review the allegedly privileged entries and make determinations as to the appropriateness of the time or rate billed." Valenti v. Allstate Ins. Co., 243 F. Supp. 2d 200, 210 (M.D. Pa. 2003). However, the Court notes that "[i]n general, the facts of legal consultation or employment, client identities, attorney's fees and the scope and nature of employment are not deemed privileged." Id. at 218 (citing Humphreys v. Donovan, 755 F. 2d 1211, 1219 (6th Cir. 1985)). An order consistent with this memorandum follows.