IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTH ANNVILLE TOWNSHIP, | : | |
| LEBANON COUNTY AUTHORITY | : | No. 1:13-cv-01780 |
|     Plaintiff | : | |
| | : | (Judge Kane) |
|     v. | : | |
| | : | |
| JAROMIR KOVARIK and | : | |
| DARIA KOVARIK, | : | |
|     Defendants | : | |

**MEMORANDUM**

Before the Court is Plaintiff South Annville Township, Lebanon County Authority's supplemental filing in response to the Court's June 24, 2014 order (Doc. No. 36) directing Plaintiff to submit more detailed information regarding its request for an award of costs, expenses, and attorneys' fees incurred in the course of seeking remand of the above-captioned matter to the Court of Common Pleas of Lebanon County, Pennsylvania.  (Doc. No. 37.) Defendants responded to Plaintiff's initial brief on fees (Doc. No. 34), and have timely responded to Plaintiff's supplement.  (Doc. No. 38.)  For the reasons that follow, the Court will award attorneys' fees and expenses in the amount of $17,310.66 and remand the case     .

**I.     BACKGROUND**

This case concerns the improper removal of a local government lien dispute.  On June 14, 2013, Plaintiff South Annville Township, Lebanon County Authority filed a municipal lien against Defendants Jaromir and Daria Kovarik in the Court of Common Pleas of Lebanon County, Pennsylvania, alleging that Defendants failed to pay $8,014.90 in sewer tapping and sewer rental fees.  (Doc. No. 1-1.)  Two weeks later, Defendants removed the case to this Court on the grounds that they intended to raise a federal defense to the municipal lien; namely, that

Plaintiff filed the lien to retaliate against Defendants for exercising their First Amendment rights. (Doc. No. 1.) Plaintiff then filed a motion to remand the action back to state court, arguing that federal defenses or counterclaims based on federal law are insufficient grounds for removal. (Doc. No. 5.) After nearly a year of jurisdictional discovery, the Court granted Plaintiff's motion to remand and determined that Defendants lacked an objectively reasonable basis for removal. (Doc. No. 35.) As such, the Court determined that Plaintiff's request for attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) was appropriate, but ordered Plaintiff to file supplements to include: (1) an unredacted bill of costs, fees, and expenses, including the names and qualifications of professionals for whose services Plaintiff sought payment, and (2) descriptions of services rendered such that the relevance of those services to the federal case could be assessed. (Doc. Nos. 35, 36.) Plaintiff filed its supplement on June 30, 2014 (Doc. No. 37), and Defendants filed their response on July 7, 2014. (Doc. No. 38.) The only question remaining for the Court is the appropriate amount of attorneys' fees, costs, and expenses to be awarded.

## II. LEGAL STANDARD

### A. Attorneys' fees, costs, and expenses

When a court grants a motion to remand, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A remanding court should award fees to the successful party only upon a showing that there was no "objectively reasonable basis" to justify the opposing party's removal of the case to federal court. Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). The Court has already determined that a fee award is proper in this case, because

Defendants lacked such an objectively reasonable basis for removing the municipal lien action to federal court. (Doc. No. 35 at 4-10.) The Court now turns to the proper calculation of the fee award in this case.

### B. Calculation methodology

In a statutory fee shifting case, a fee petitioner will submit the number of hours worked and a proposed hourly rate. See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The opposing party has the burden to refute the reasonableness of the submissions with "sufficient specificity" to put the fee petitioner on notice to respond, because the "party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable." Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005) (internal citations omitted). The court reviews submissions to make principled adjustments until arriving at a reasonable "lodestar," defined for any one attorney as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." See Rode, 892 F.2d at 1183 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). In assessing evidence as to the total hours spent, a court may, for example, "exclude hours that [were] not reasonably expended," reduce the total number of hours for those hours spent litigating distinct claims on which the fee petitioner did not prevail, or "deduct hours when the fee petition inadequately documents the hours claimed." Id. (citing Hensley, 461 U.S. at 433, 440). Reasonable rates are to be based on the prevailing market rate in the relevant geographic locale, and the fee petitioner has the burden of establishing that its proposed rates are reasonable. Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)). Under Section 1447(c), a party is entitled to recover only those fees and costs actually

incurred in contesting the removal of the action; a party may not recover for substantive work on the underlying case coincidentally performed while a party was seeking remand. See 28 U.S.C. § 1447(c) (providing for recovery of costs, expenses, and fees "incurred as a result of the removal"); see also McCann v. PPG Indus., Inc., 448 F. App'x 421, 422 (5th Cir. 2011) (vacating the portion of 1447(c) fee award for work performed "before [petitioners] were even aware that [the defendant] intended to remove.")

## III.  DISCUSSION

Following the Court's order of June 24, 2014 (Doc. No. 36), Plaintiff submitted an un-redacted version of its billing records, as well as either resumes or biographical synopses for the attorneys for whose work Plaintiff seeks compensation. (Doc. No. 37-2.) Plaintiff now requests $17,003.90 for attorneys' fees, and $306.76 for office expenses. (Id. at 23.) The billing statements from Plaintiff's law firm, Siana, Bellwoar, and McAndrew LLP, contain itemized contemporaneous billing entries accompanied by initials from the attorneys to whom each entry belongs. (Doc. No. 37-2.) The entries display an hourly rate for each line item, as well as the amount of time billed for that item down to the tenth of an hour. (Id.) Hourly rates range from $145.00 per hour for attorney Jennings at the start of the federal action, to $171.00 per hour for attorney Siana. (Id.) Plaintiff offers that these rates are "a very substantial discount" from their normal private rates and from their normal "municipal solicitorship service." (Doc. No. 37 at 3.) The descriptions for each billing item are variably detailed, ranging from three words to near-paragraphs indicating the subject matter of a call or research inquiry. (See id.) According to Plaintiff, the entries were originally prepared for the bill submitted to its client's cooperative risk management firm. (Doc. No. 37 at **2-3.) The depth of the professional qualifications

information also varies, from a detailed resume for the leading partner on the case, to shorter biographical synopses for the attorneys who contributed less frequently to the litigation. (Id. at 25-35.) Plaintiff substantiates its claim for expenses with a list of charges, including expenses for copying and legal research tools. (Doc. No. 37-2 at 22.) Plaintiff's counsel claims to have spent 107.1 hours on the federal action (id. at 21), and accordingly Plaintiff requests $17,310.66 for fees and expenses. (Id. at 23.)

Defendants responded to Plaintiff's initial submissions, and filed another response upon receiving Plaintiff's supplemental submissions. (Doc. No. 38.) Defendants refute (1) the reasonableness of the hours billed for the tasks performed, (Doc. No. 34 at 8); (2) the inclusion of certain tasks Defendants believe to be unrelated to remand, (e.g. Doc. No. 38 at 2) (challenging inclusion of conversations with risk sharing pool); and (3) the sufficiency of the information related to the experience and qualifications of Plaintiff's counsel (id.). Defendants also request leave to file their own bill for costs and fees, because they believe Plaintiff failed "to provide evidence demonstrating that such charges were necessary [or] reasonable" in defiance of two orders from the Court, thereby inviting sanctions under Federal Rule of Civil Procedure 37. (Doc. No. 38 at 3.)

### A. Hourly rates

A court reviewing an hourly rate does so by "assess[ing] the experience and skill of the prevailing party's attorneys," and determining whether or not those fees are consistent with prevailing rates in the geographic area for similar services. Rode, 892 F.2d at 1183. A fair starting point for this reasonable rate is "the attorneys' usual billing rate." Pub. Interest Research Grp. of New Jersey, Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995) (hereinafter "PIRG").

"[I]n most cases, billing rates reflect market rates, and they provide an efficient and fair short cut for determining the market rate." Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 414, 422 (3d Cir. 1993). The fee petitioner must present evidence of the reasonableness of the rate assessed. Interfaith, 426 F.3d at 703 n.5.

Plaintiff's counsel provides hourly rates for each individual line item on their billing sheet, including rates for the two attorneys who performed the vast majority of the work in challenging removal. (Doc. No. 37-2.) These rates are $145.00 per hour (later increased to $160.00 per hour) for the fourth-year associate and $166.00 per hour (later increased to $169.00 per hour) for the partner with decades of experience representing municipalities. (Id.) Plaintiff did not provide supporting affidavits or formal evidence to substantiate the reasonableness of its requested rates, but Defendants never challenged the rates as presented, even though the Court invited Defendants' objections in two separate orders. (Doc. Nos. 32, 36.) Given Plaintiff's uncontroverted statements that the proffered rates are substantially less than counsel's normal rates and given the evidence regarding counsel's qualifications,[1] the Court is satisfied that the hourly figures Plaintiff puts forth are reasonable.

**B.    Hours billed**

A court may adjust the amount of billable hours presented by a fee petitioner for a number of reasons. For example, a court assessing an award authorized by Section 1447(c) may reduce the number of compensable hours to only those hours actually incurred as a result of the

---

[1] Defendants object on the ground that, "[n]o explanation about [Plaintiff's counsel's] experience, level of skill and relationship to the matter at hand are provided." (Doc. No. 38 at 2.) However, Plaintiff included ten appendix pages containing detailed biographical information and the identity of which attorney performed what services. (Doc. No. 37-2.) As such, Defendants' objection is without merit.

improper removal.  See Rode, 892 F.2d at 1183; see also 28 U.S.C. § 1447(c).  A court may also exclude hours when the evidence presented "inadequately documents the hours claimed."  Rode, 892 F.2d at 1182.  A court is empowered to eliminate from the calculation hours that are "excessive, redundant, or otherwise unnecessary."  PIRG, 51 F.3d at 1188 (quoting Hensley, 461 U.S. at 433-34.)  "The district court cannot decrease a fee award based on factors not raised at all by the adverse party," but once the opponent raises objections, a district court "has a great deal of discretion" in adjusting fees based on those objections.  Rode, 892 F.2d at 1183 (internal citations omitted).  Defendants object to the inclusion of entries accounting for communication between Plaintiff's counsel and a third party investment authority, as well as those communications between counsel and Plaintiff's third party payer.  (Doc. No. 38 at 2-3.)  Defendants also maintain that the hours billed for certain projects are excessive, pointing "by way of example, and not of limitation," to the 15.7 hours counsel billed for the motion to remand and associated brief.  (Doc. No. 34 at 8.)

Having reviewed Plaintiff's evidence in light of Defendants' objections and in light of the amount and quality of the work submitted, the Court finds no reason to reduce the number of hours presented by Plaintiff.  The Court rejects Defendants' objection as to the inclusion of conversations with the investment authority and third party payer.  It was Defendants' own improper removal, subsequent extensions, and jurisdictional discovery that necessitated the communications.  Plaintiff would not have incurred those fees had it not been for the improper removal, and therefore the Court will not exclude those hours.  Additionally, Defendants' objection "by way of example, and not of limitation," (Doc. No. 34 at 8), is not sufficiently specific to put Plaintiff on notice to revisit each and every time entry.  The particular "example"

to which Defendants allude, the motion to remand and associated memoranda, have been adequately and reasonably billed, especially given that the statute authorizes fee shifting for success on that very motion.  See 28 U.S.C. § 1447(c).  Plaintiff could have provided more detailed descriptions of the activities performed and their relationship to remand, but Plaintiff's evidence is also made more credible in that it is the genuine bill Plaintiff's counsel submitted for payment.  "Hours that would not generally be billed to one's own client are not properly billed to an adversary," PIRG, 51 F.3d at 1188, and while the Court recognizes that the inverse is not always true, the evidence here is more credible in part because these time entries were created with the client in mind rather than Defendants or the Court.  Accordingly, the Court will adopt the number of hours submitted by Plaintiff without adjustment.[2]

### C. Defendants' Sanction Requests

In addition to their objections to Plaintiff's requested fees and expenses, Defendants devote substantial effort to requesting discovery sanctions against Plaintiff.  (Doc. No. 38 at 3-6.)  Defendants submit that Federal Rule of Civil Procedure 37 entitles them to attorneys' fees for "Plaintiff's evasive and incomplete disclosures," alleged to be "in defiance of two Court Orders."  (Id. at 3-4.)  The Court finds that as of Plaintiff's unredacted supplement, Plaintiff has adequately complied with Court orders for disclosure.  For that reason, even if the Court were to find Defendants' request adequately stated and procedurally proper, Rule 37 sanctions would not be appropriate.  As such, the Court will reject Defendants' request for discovery sanctions.

## IV. CONCLUSION

---

[2] Defendants have not challenged the $306.76 in expenses Plaintiff submitted for postage, copying, legal research, and the like.  Accordingly, the Court finds no reason to adjust Plaintiff's figure for expenses.

For the foregoing reasons, the Court finds that Plaintiff is entitled to expenses and attorneys' fees in the amount of $17,310.66. An order consistent with this memorandum follows.