…

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTH ANNVILLE TOWNSHIP, | : | |
| LEBANON COUNTY AUTHORITY, | : | No. 1:13-cv-01780 |
|     Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JAROMIR KOVARIK and | : | |
| DARIA KOVARIK, | : | |
|     Defendants | : | |

**<u>MEMORANDUM</u>**

Before the Court are four motions: Defendants' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (Doc. No. 43), Plaintiff's motion to supplement briefing (Doc. No. 47), Plaintiff's motion for sanctions (Doc. No. 50), Defendants' motion for sanctions (Doc. No. 57), and Defendants' motion to take judicial notice (Doc. No. 58). For the reasons that follow, the Court will deny the motions.

**I.     BACKGROUND**

This case originally concerned the improper removal of a local government lien dispute. Finding that it lacked subject matter jurisdiction over the dispute, the Court granted a motion remanding this action to state court on June 24, 2014. (Doc. No. 36.) After remand, and after further briefing, the Court rendered attorney's fees and costs to Plaintiff's counsel pursuant to 28 U.S.C. § 1447 in the amount of $17,310.66. (Doc. Nos. 39, 40.) Defendants filed a notice of appeal on October 23, 2014, and that appeal remains pending before the United States Court of Appeals for the Third Circuit.[1]  (See Doc. No. 41.)  Nevertheless, Defendants filed a "motion for

---

[1] Typically the filing of a notice of appeal automatically transfers jurisdiction from the district court to the appellate court. <u>Judkins v. HT Window Fashions Corp.</u>, 704 F. Supp. 2d

relief from a portion of judgment awarding attorneys' fees and costs to Plaintiff" with this Court on March 13, 2015.  (Doc. No. 43.)

Defendants request relief from the Court's prior order rendering attorney's fees and costs because Plaintiff apparently withdrew the underlying municipal lien claim once the case was remanded, and because the amount of the fee award is more than double the amount of the underlying municipal lien claim. (Doc. No. 44 at 10-11.)  According to Defendants,

> [T]he amount awarded is wholly disproportionate to the dispute, and regardless of the merits of [Plaintiff's] arguments with respect to jurisdiction, the apparent lack of merit to the underlying claim did not make its attorneys' actions in fighting removal tooth and nail reasonable – rather, it could have simply withdrawn the claim the first time around and saved not only itself, but Defendants and this Court a great deal of resources.

(Doc. No. 44 at 19) (emphasis in original).  Defendants also point out that the fee award will not benefit Plaintiff directly, but instead will benefit its third party municipal risk management provider.  (See Doc. No. 43-2 ¶ 16.)

**II.  LEGAL STANDARD**

For certain reasons, a court may grant a party relief from judgment pursuant to Federal Rule of Civil Procedure 60.[2] "The general purpose of Rule 60(b) . . . is to strike a proper balance

---

470, 498 (W.D. Pa. 2010) (citing Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc., 721 F.2d 904, 906 (3d Cir. 1983)).  However, in the case of a motion filed under Rule 60(b), the district court retains jurisdiction to consider and deny, but not grant, the motion.  Judkins, 704 F. Supp. 2d at 498 (citing Fed.R.Civ.P. 62.1(a)(2)).

[2] Specifically, Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (ellipsis omitted) (quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978)). Rule 60(b) relief is "an extraordinary remedy and may be granted only upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988).

**III.   DISCUSSION**

At the outset, the merits of the underlying municipal lien claim were never at issue before this Court, and they are not before the Court now. The federal proceedings have been limited to the issue of this Court's subject matter jurisdiction and to whether Plaintiff was entitled to fees following the order of remand, thus Defendants' claim that the subsequent procedural history in state court vindicates their position and entitles them to Rule 60(b) relief is difficult to follow. Nevertheless, the Court considers Defendants' arguments in turn.

Defendants argue that they are entitled to relief under every subsection of Rule 60(b). Rule 60(b)(1) allows for relief from judgments for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Typically, litigants invoke this provision to avoid the unfair application of a judgment obtained due to "excusable neglect." See, e.g., In re Cendant Corp. PRIDES Litig., 235 F.3d 176 (3d Cir. 2000) (finding that "mailroom sabotage" leading to late filing constituted excusable neglect). Defendants argue that the abrupt withdrawal of the

---

        misconduct by an opposing party;
        (4) the judgment is void;
        (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
        (6) any other reason that justifies relief."

underlying lien petition after remand constitutes "surprise" justifying relief from this Court's order.  (Doc. No. 44 at 13.)  In opposition, Plaintiff argues that "Rule 60 does not authorize relief from a judgment or order simply because a litigant claims to have been surprised by an unexpected outcome."  (Doc. No. 45 at 5.)  The Court agrees.  Whatever the result in state court after remand, the questions of law and fact in the federal jurisdiction proceedings (and subsequent fee proceedings) remain unaffected.  Defendants exhaustively litigated the question of federal jurisdiction without a reasonable basis for invoking it, and their surprise at the subsequent state court result is immaterial to the balance of equities.

Rule 60(b)(2) provides relief from judgments on the basis of newly discovered evidence.  Fed. R. Civ. P. 60(b)(2).  In the Third Circuit, relief may be granted under this provision when the new evidence: (1) is material and not merely cumulative; (2) could not have been discovered during the pendency of litigation; and (3) "would probably have changed the outcome" of the proceedings.  Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 309 (3d Cir. 2001) (quoting Compass Tech., Inc. v. Tseng Labs, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995)).  As new evidence, Defendants argue that Plaintiff's counsel did not know that Plaintiff intended to dismiss the lien as soon as the case was remanded. (Doc. No. 44 at 14-15.)  As a result, they argue, Plaintiff's counsel expended far too much time and resources opposing federal jurisdiction on an underlying claim that Plaintiff subsequently withdrew.  (Id.)  The Court finds Defendants' argument speculative, and regardless, the Court already weighed the amount of resources expended by Plaintiff's counsel and found it reasonable.  (See Doc. No. 39.)  No relief is justified on this basis.

Rule 60(b)(3) provides relief from judgments obtained by fraud, misrepresentation, or

other misconduct. Fed. R. Civ. P. 60(b)(3). To the extent that Defendants raise an argument under this provision, they do so based on allegations that Plaintiff "caused the 2013 [municipal lien] judgment to be entered in error," and hid that fact from this Court. (Doc. No. 46 at 21-22.) The Court reiterates that any municipal lien claim or municipal lien judgment rendered by a state court was and remains immaterial to the question of this Court's jurisdiction, and by extension the fee award. The Court finds Plaintiff's allegations of fraud speculative, and in any event, the impropriety of a state court judgment does not confer federal subject matter jurisdiction. No Rule 60(b)(3) relief is justified.

Rule 60(b)(4) provides relief from judgments that are either void or voidable. Fed. R. Civ. P. 60(b)(4). "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Fed. Prac. & Proc. Civ. § 2862 (3d ed.); On Track Transp., Inc. v. Lakeside Warehouse & Trucking Inc., 245 F.R.D. 213, 215 (E.D. Pa. 2007). It has long since been established that a court has jurisdiction to decide whether or not it possesses subject matter jurisdiction. See Stoll v. Gottlieb, 305 U.S. 165, 172 (1938). In addition, there is no question that 28 U.S.C. § 1447 allows courts to award attorney's fees and costs upon remand.[3] 28 U.S.C. § 1447. In addition, no argument has been made – or could credibly be made – that the proceedings here violated Defendants' due process. As a result, the Court's orders are not void, and no relief is justified on such a basis.

---

[3] The fact that the Court technically awarded attorneys fees after its order remanding the case also does not void the order awarding fees. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1258-59 (3d Cir. 1996) ("In our view, section 1447(c), by providing that a court 'may require payment' of costs and attorney's fees incurred as a result of the removal does not imply that the court cannot enter an order for payment of such costs and fees at some later time.").

Rule 60(b)(5) provides relief from a judgment that "has been satisfied, released or discharged," that is "based on an earlier judgment that has been reversed or vacated," or when it would no longer be equitable to apply an existing judgment prospectively. Fed. R. Civ. P. 60(b)(5). The first two situations are not at issue; rather, Defendants contend that the abrupt withdrawal of the municipal lien claim constitutes changed circumstances that, on balance, have made the prospective application of the Court's fee award unequitable. (Doc. No. 44 at 18-19.) However, the portion of Rule 60(b)(5) concerning prospective application does not permit courts to modify awards of money damages that are "inherently final." Marshall v. Bd. of Ed., Bergenfield, N. J., 575 F.2d 417, 425 (3d Cir. 1978). District courts have found that awards of attorney's fees are also "inherently final," so Rule 60(b)(5) is not an appropriate vehicle for challenging an order awarding fees. See, e.g., Total Containment, Inc. v. Environ Products, Inc., No. 91-7911, 1996 WL 239877, at *3 (E.D. Pa. May 6, 1996); Daggett v. Kimmelman, No. 82-297, 1989 WL 120742, at *5 (D.N.J. July 18, 1989). The Court is therefore satisfied that Rule 60(b)(5) is not an appropriate vehicle for Defendants' requested relief. However, even if Rule 60(b)(5) could be used in these circumstances, the Court reiterates that the progression of the state court proceedings after remand is immaterial to the equities at stake in the fee award. As a result, balancing the equities again yields the same result, and no relief is justified on this basis.

Finally, Rule 60(b)(6) is a "catch all" provision, permitting courts, in their discretion, to grant relief when circumstances warrant. See Fed. R. Civ. P. 60(b)(6). This relief is available when "extraordinary circumstances involve a showing that without relief from the judgment, 'an extreme and unexpected hardship will result.'" Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

"[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Id.  The Court finds that Defendants have not made a showing of extreme and unexpected hardship, and further, that the award of attorney's fees occurred after Defendants removed a municipal lien claim to federal court without an objectively reasonable basis for doing so.  In other words, the fee award resulted from Defendants' deliberate choices.  As a result, the Court will deny relief on this basis as well.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Rule 60 motion (Doc. No. 43), will deny Plaintiff's motion for leave to file a sur-reply (Doc. No. 47), will deny Plaintiff's motion for sanctions (Doc. No. 50), and will deny Defendants' motion for sanctions (Doc. No. 57).  An order consistent with this memorandum follows.

---

[4] Both parties have filed motions requesting sanctions, and each alleges that the other made misrepresentations to the Court concerning proceedings before the state courts.  (Doc. Nos. 50, 57.)  Rather than conduct a searching inquiry into facts that, as discussed in this memorandum, are not material, and because the Court finds that sanctions are otherwise not appropriate in this case, the Court will deny both motions.  The Court will also deny as moot Plaintiff's motion to file a sur-reply brief.  (Doc. No. 47.)